IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DINA ABDURAHMAN, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 20-3609 |
| | : | |
| PROSPECT CCMC, LLC d/b/a CROZER | : | |
| CHESTER MEDICAL CENTER *et al.*, | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**CHAD F. KENNEY, JUDGE**                                                                November 15, 2022

This case involves an employment dispute between Plaintiff Dina Abdurahman and her former employer, Defendant Prospect CCMC, LLC d/b/a Crozer Chester Medical Center ("Crozer") and individual Defendant Dorian Jacobs, M.D., who is not an employee of Crozer, but who was working as an attending physician at Crozer through a separate employer during the relevant time period.

On October 28, 2022, Plaintiff Abdurahman filed a Motion for Leave to File Second Amended Complaint. ECF No. 49. On November 4, 2022, Defendant Dorian Jacobs filed a Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, and on November 8, 2022, Plaintiff filed a Reply. ECF Nos. 52, 53.

The Court will address Plaintiff's Motion for Leave to File Second Amended Complaint herein.

## I.     Legal Standard

The Federal Rules of Civil Procedure provide that amendment to a complaint is only permitted "with the opposing party's consent or the court's leave," which should be "freely given

when justice so requires." *See* Fed. R. Civ. P.15(a). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citations omitted). "[I]n deciding whether an amendment is futile, a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Freedom Int'l Trucks, Inc. of N.J. v. Eagle Enters., Inc.*, 182 F.R.D. 172, 175 (E.D. Pa. 1998) (citing *Burlington*, 114 F.3d at 1434).

## II.      Analysis

In the present matter, Plaintiff's proposed Second Amended Complaint contains a retaliation claim against Defendant Jacobs pursuant to PHRA § 955(d). 43 Pa. Stat. § 955(d).

First, Defendant Jacobs argues that the Court should deny Plaintiff's Motion for Leave to File Second Amended Complaint on the grounds that Defendant Jacobs cannot be liable for direct claims of retaliation under PHRA § 955(d), as a matter of law. *See* ECF No. 52 at 3.

Relevantly, PHRA § 955(d) provides:

> It shall be an unlawful discriminatory practice…
>
> (d) For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

43 Pa. Stat. § 955(d).

Although several district courts have concluded that retaliation claims against individuals under the PHRA 955(d) are not cognizable, this Court finds that the plain language of the statute

clearly allows for individual liability, as it states that "*any person*" may be liable. 43 Pa. Stat. § 955(d) (emphasis added); *see also Wein v. Sun Co.*, 936 F. Supp. 282, 283 (E.D. Pa. 1996) (concluding that "under the plain meaning of … [PHRA § 955(d)]…individual defendants, may be held personally accountable for retaliatory discrimination"); *id.* at 284 (reasoning that "the plain language of the PHRA is clear; it is free from ambiguity…it expressly proclaims that 'any person' can be liable").

This conclusion is not inconsistent with our previous ruling dismissing Plaintiff's claim against Defendant Jacobs for aiding and abetting liability under PHRA § 955(e). While the plain language of both statutes includes the language "any person," with respect to §955(e) and as discussed in this Court's prior Orders (*see* ECF Nos. 48, 51), Third Circuit and Pennsylvania Supreme Court precedent have established that absent a situation where a third party creates a *fait accompli* for an employer, only supervisory employees may be held liable for aiding and abetting an employer in alleged discrimination or retaliation. *See* ECF No. 51; *see also Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 553 (3d Cir. 1996) (finding "[a] non-supervisory employee who engages in discriminatory conduct cannot be said to 'intend' that his employer fail to respond" for purposes of PHRA § 955(e) liability); *Commonwealth v. Transit Casualty Insurance*, 478 Pa. 430, 387 A.2s 58 (1978) (allowing liability under PHRA § 955(e) for third party who coerced and compelled the complainant's employer to discharge her from her role as a truck driver by terminating her motor vehicle insurance coverage on the basis of her sex). The binding case law related to § 955(e) clearly places limits on the extension of aiding and abetting liability, despite the broad statutory language, but there is no comparable binding case law with respect to § 955(d) that limits § 955(d) to supervisory employees or otherwise. This makes sense as the underling reasoning for limiting §955(e) is inapplicable to § 955(d), as § 955(d)

contemplates individual liability, rather than *aiding and abetting* liability, and there is therefore no need to analyze whether an individual is able to share the intent of an employer and whether it is lawful to attribute certain actions done by an individual to an employer or vice versa. Accordingly, the Court finds it proper to interpret § 955(d) consistent with its plain meaning, that is, as creating a cause of action against individual defendants who "discriminate in any manner against any individual because such individual has" participated in a protected activity contemplated by the statute. 43 Pa. Stat. § 955(d).

Defendant Jacobs also argues that even if an individual claim of retaliation under PHRA § 955(d) is cognizable in theory, here, Plaintiff has failed to state a sufficient claim of retaliation, and that, thus, the proposed amendment to her complaint to add such claim is futile.

In support of this argument, Defendant Jacobs provides that under Third Circuit precedent to state a retaliation claim an employee must show "(1) that she engaged in protected activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *See* ECF No. 52 at 8–9 (citing *Daniels v. Sch. Dist. Of Phila.,* 776 F.3d 181, 193 (3d Cir. 2015). Defendant Jacobs therefore contends that Plaintiff has failed to sufficiently plead the second and third elements of a retaliation claim because Plaintiff is alleging that Defendant Jacobs, rather than Plaintiff's employer, took an adverse action in response to Plaintiff's protected activities.

However, in each of the cases relied upon by Defendant Jacobs, the Third Circuit is analyzing retaliation claims brought against employers rather than against individual defendants, so it is not surprising or particularly relevant to the present case that the Third Circuit used language related to the employer when discussing the elements of retaliation claims in that

4

context. While this Court agrees generally that the structure laid out by Defendant Jacobs is the proper structure for retaliation claims, and in that regard relevant here, there is nothing in these cases that would bind this Court to find that only adverse actions done by employers can constitute a retaliation claim under § 955(d), where the plain language of the statute is to the contrary. It would be nonsensical for this Court to interpret § 955(d) as allowing for individual liability, but then on-the-back-end still effectively limit liability to retaliatory actions done by the employer.

Moreover, although not directly speaking to the issue here, in the context of Title VII, the United State Supreme Court, and subsequently the Third Circuit, have both explained that the scope of retaliation claims is broader than other employment-related actions. *See Burlington Northern & Sante Fe Ry. Co. v. White,* 548 U.S. 53, 64, 126 S.Ct. 2405, 165 (2006) ("[T]he antiretaliation provision ... is not limited to discriminatory actions that affect the terms and conditions of employment."); *see also Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006) (citing *Burlington Northern*, 548 U.S. at 64) (analyzing retaliation under Title VII and finding that "the anti-retaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment."). The logic underlying these decisions is consistent with this Court's interpretation of § 955(d) because actions outside the workplace taken by a third parties can also be intended to and can actually "dissuade [] reasonable workers" from engaging in protected activity related to their employment. *Burlington Northern*, 548 U.S. at 65.

In the present matter, Plaintiff has alleged that Defendant Jacobs engaged in protected conduct by complaining during an investigation at her work that Defendant Jacobs sexually harassed her, and that in response, Defendant Jacobs then took an action that would plausibly

5

"dissuade a reasonable worker" from making a sexual harassment complaint to her employer by, *inter alia*, filing allegedly false criminal charges of sexual assault against her. Taking all well pleaded facts as true and viewing them in the light most favorable to Plaintiff, this Court finds that Plaintiff has sufficiently alleged a plausible claim for retaliation against Defendant Jacobs under PHRA § 955(d).

### III.    Conclusion

For the reasons provided above, the Court will grant Plaintiff's Motion for Leave to File Second Amended Complaint but require that Plaintiff remove references to aider and abettor liability in Count IV. An appropriate Order will follow.

**BY THE COURT**

**/s/ Chad F. Kenney**

**_____**

**CHAD F. KENNEY, JUDGE**