IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DINA ABDURAHMAN, | : | |
| Plaintiff, | : : : | Case No. 2:20-cv-03609-CFK |
| v. | : : | |
| PROSPECT CCMC, LLC d/b/a CROZER CHESTER MEDICAL CENTER, and DORIAN JACOBS | : : : : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO DR. JACOBS' PAST CONDUCT AND CESSATION OF SERVICES FOR CROZER**

**I.   INTRODUCTION**

Defendants Prospect CCMC, LLC d/b/a/ Crozer Chester Medical Center ("Crozer") and Dorian Jacobs move the Court for an Order precluding Plaintiff Dina Abdurahman from introducing evidence related to Dr. Jacobs' past conduct and cessation of services for Crozer at trial because such evidence is inadmissible character evidence under Fed. R. Evid. 404(a) and is irrelevant to Dr. Abdurahman's claims in this case.  Even assuming the proposed evidence is proper and marginally relevant, the Court should nevertheless preclude Dr. Abdurahman from introducing such evidence because the dangers of undue delay, jury confusion, and prejudice substantially outweigh its probative value.

**II.   BACKGROUND RELEVANT TO THIS MOTION**

In her Complaint, Dr. Abdurahman alleges that Crozer discriminated against her on the basis of her race and national origin, and subjected her to a hostile work environment.  (*See* ECF 134, Counts I-III.)  Dr. Abdurahman further alleges that Dr. Jacobs retaliated against her and defamed her.  (*Id.* at Counts IV-V.)

A.  **Evidence Related to Dr. Jacobs' Past Conduct**

On November 13, 2018, Crozer's independent investigator, Lisa Scidurlo, interviewed Dr. Abdurahman for approximately two hours in connection with Dr. Jacobs' allegations of sexual assault against Dr. Abdurahman. (*See* Excerpts from Abdurahman Dep., attached as Exhibit A, 158:7-8, 163:23-164:1.) Dr. Abdurahman alleges that, "[i]n anticipation of [the interview with Ms. Scidurlo, she] printed out screenshots of sexually explicit communications Dr. Dorian Jacobs had previously made on social media." (ECF 134, ¶ 135.) Dr. Abdurahman further alleges that she "offered to provide Ms. Scidurlo with social media, text and e-mail communications by Dorian Jacobs that reflected a preoccupation with sex and references to engaging in sexual relations with her subordinates, but she was not interested in seeing them." (*Id.* at ¶ 141.) Dr. Abdurahman admits she was not aware of Dr. Jacobs' social media posts until after Crozer suspended her employment pending investigation into Dr. Jacobs' sexual assault allegations against her. (*Id.* at ¶ 142; *see also* Exhibit A, Abdurahman Dep., 159:5-24.)

On May 7, 2024, Dr. Abdurahman served Plaintiff's Schedule of Trial Exhibits, which includes the following exhibits:

- P-051 - Documents Abdurahman Offered to Scidurlo
- P-052 - D. Jacobs Note re: Tox Consults

(*See* Plaintiff's Schedule of Trial Exhibits, attached as Exhibit B.) Trial Exhibit P-051 includes various Facebook posts either made by or commented on by Dr. Jacobs from 2013 through 2018, an article regarding sexual harassment in academic medicine, emails sent by Dr. Jacobs to other individuals in 2017, a note allegedly written by Dr. Jacobs to members of the residency program, and text messages sent by Dr. Jacobs in 2017 and 2018. (*See* Exhibit B, P-051.) Trial Exhibit P-

2

052 includes a note allegedly written by Dr. Jacobs to members of the residency program. (*See* Exhibit B, P-052.)[1] None of these documents relate to the events at issue in this case.

Based on Dr. Abdurahman's Schedule of Trial Exhibits, Crozer anticipates that Dr. Abdurahman will seek to introduce this evidence in an attempt to show that Dr. Jacobs had a preoccupation with sex, promoted a sexually explicit culture in the workplace, encouraged alcohol consumption by residents, and discussed engaging in sexual relations with subordinates. (*See* Exhibit B, P-051 and P-052.)

      **B.**      **Evidence Related to Dr. Jacobs' Cessation of Services for Crozer**

On or around December 13, 2019, Dr. Jacobs was notified that her employment with a third party entity named Team Health was being terminated and that she would no longer perform services at Crozer Keystone Health Network. (*See* Complaint, Delaware County Court of Common Pleas, No. CV-2020-003866, ¶ 16.) During discovery, Dr. Abdurahman produced documentation related to Dr. Jacobs' cessation of work at Crozer. Notably, there is no dispute that Dr. Jacobs' cessation of services for Crozer is completely unrelated to the events at issue in this litigation. Dr. Jacobs' services for Crozer ended a year after the events in question because Crozer determined that she had mishandled an unknown substance found on a patient during a toxicology consult in the Emergency Department, and that her conduct exposed other employees to that substance. Despite the complete lack of relevance to Dr. Jacobs' departure from Crozer, or the circumstances that led to it, it is evident from Dr. Abdurahman's Schedule of Trial Exhibits that she intends to introduce evidence related to the cessation of Dr. Jacobs' services for Crozer at trial. (*See* Exhibit C, P-007, "Crozer Investigation Report re D. Jacobs: 'CCMC E.D. Employees Substance Exposure Incident on 12/3/2019'".) Defendants anticipate that Dr. Abdurahman will

---

[1] Trial Exhibit P-052 appears in Trial Exhibit P-051.

seek to introduce evidence of Dr. Jacobs' cessation of services from Crozer to negatively cast light on Dr. Jacobs.

III.   **LEGAL ARGUMENT**

    A.   **Evidence of Dr. Jacobs' Past Conduct is Inadmissible Character Evidence.**

Federal Rule of Evidence 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404. There is no unique exception to evidentiary rules prohibiting character evidence to show that the employee acted in conformance with that character. *See e.g., Keene v. Sears, Roebuck & Co, Inc.*, 2007 U.S. Dist. LEXIS 65103, at * 3-4 (D.N.J. Sept. 4, 2007) (excluding plaintiff's proffered evidence of good character under Rule 404(a) and noting that the exceptions to the Rule do not apply in an employment discrimination case).

Crozer anticipates that Dr. Abdurahman will seek to introduce evidence of Dr. Jacobs' prior Facebook posts, emails, text messages, and notes to show that Dr. Jacobs had a preoccupation with sex, promoted a sexually explicit culture in the workplace, encouraged alcohol consumption by residents, and discussed engaging in sexual relations with subordinates. Dr. Abdurahman sole purpose in introducing that evidence would be to argue that Dr. Jacobs is the kind of person who would sexually harass a subordinate, and that a jury should therefore conclude Dr. Jacobs was the sexual aggressor on September 18, 2018. This anticipated evidence fits squarely within the definition of character evidence because Dr. Abdurahman will use this evidence to attempt to show that Dr. Jacobs had a propensity for sexual indiscretion and acted in conformity with that character trait on September 18, 2018. Simply stated, Rule 404 makes this exact type of evidence inadmissible because it is not relevant to show how Dr. Jacobs acted on September 18, 2018. Therefore, this Court should exclude evidence of Dr. Jacobs' past conduct.

Similarly, Crozer anticipates that Dr. Abdurahman will seek to introduce evidence related to Dr. Jacobs' cessation of services from Crozer to cast a negative light on Dr. Jacobs and suggest to the jury that Dr. Jacobs has poor judgment or has a poor character. Dr. Abdurahman will use this evidence to attempt to show that Dr. Jacobs acted in conformity with that specific character trait on September 18, 2018, even though the events that led to Dr. Jacobs' departure from Crozer occurred more than a year after Dr. Abdurahman's termination and involved completely unrelated conduct. Accordingly, Dr. Abdurahman's proposed evidence is inadmissible character evidence under Fed. R. Evid. 404(a) and the Court should exclude it.

### B. The Court Should Preclude Evidence Related to Dr. Jacobs' Past Conduct and Cessation of Services for Crozer at Trial Because Such Evidence is Not Relevant.

The Federal Rules of Evidence provide "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Dr. Abdurahman's proposed evidence related to Dr. Jacobs' prior Facebook posts, emails, text messages, and notes are not relevant to her claims in this case. Specifically, such evidence does not make it more or less probable that Crozer discriminated against Dr. Abdurahman because of her race or national origin, that she was subjected to a hostile work environment, that Dr. Jacobs retaliated against her, or that Dr. Jacobs defamed her. Notably, Dr. Abdurahman admits that she was not aware of Dr. Jacobs' social media posts until after she learned that Crozer was suspending her employment pending an investigation into her own misconduct. (Exhibit A, Abdurahman Dep., 159:5-24; ECF 134, ¶ 142.) Because Dr. Abdurahman's proposed evidence is not relevant, the Court should exclude it.

For the same reasons, Dr. Abdurahman's proposed evidence related to Dr. Jacobs' cessation of services from Crozer is not relevant to her claims in this case. The fact that Dr. Jacobs ceased providing services for Crozer approximately one year after Crozer terminated Dr. Abdurahman's employment for reasons entirely unrelated to the events of September 18, 2018 does not make any fact of consequence more or less probable in this case. As a result, the Court should preclude Dr. Abdurahman from introducing this irrelevant evidence at trial.

### C. The Probative Value of Evidence Related to Dr. Jacobs' Past Conduct and Cessation of Services for Crozer is Substantially Outweighed by the Likelihood of Unfair Prejudice, Delay, and Confusion.

Even if this Court finds that the evidence identified by Dr. Abdurahman has some relevance, it should nonetheless preclude Dr. Abdurahman from offering such evidence at trial pursuant to Federal Rule of Evidence 403. Rule 403 provides that evidence is properly excluded when it is delay-inducing, confusing, and unduly prejudicial:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of the evidence.

Fed. R. Evid. 403. In making a determination under Rule 403, the Court must balance the need for the challenged evidence against the risk that the information will confuse the jury or delay trial. *See In re Paoli R.R. Yard P.C.B. Litigation*, 113 F.3d 444, 453 (3d Cir. 1997).

Here, the balance required by Rule 403 tips strongly in favor of exclusion. All of the exhibits and evidence referenced in this Motion serve to do one thing: paint Dr. Jacobs in a bad light and influence the jury, even though Dr. Abdurahman was completely unaware of Dr. Jacobs' social media posts and notes until *after* she was actively being investigated for misconduct, and Dr. Jacobs' departure from Crozer – which was entirely unrelated to the events at issue in this case – occurred nearly a year after Dr. Abdurahman's termination. Dr. Abdurahman's proposed

evidence does nothing to assist the jury in deciding her claims, and therefore will only force the jury to endure irrelevant testimony and confuse the jury about the real issues in this case. Because its probative value would be severely outweighed by the risk of undue prejudice to Dr. Jacobs and Crozer, the Court should exclude this evidence.

To avoid prejudice, delay, and confusion, Defendants respectfully request this Court preclude Dr. Abdurahman from introducing evidence of Dr. Jacobs past conduct and cessation of services for Crozer.

## IV.  CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court enter an Order precluding Dr. Abdurahman from introducing evidence of Dr. Jacobs' past conduct and cessation of services for Crozer at trial.

Respectfully submitted,

| | |
|---|---|
| /s/ *Andrew Gallinaro* | /s/ *Paul C. Lantis* |
| Andrew Gallinaro (PA Bar ID 201326) | Paul C. Lantis (PA Bar ID 309240) |
| **FISHER & PHILLIPS LLP** | Kimberly Saginario (PA Bar ID 325271) |
| Two Logan Square, 12th Floor | **LITTLER MENDELSON, P.C.** |
| 100 N. 18th Street | Three Parkway |
| Philadelphia, PA, 19103 | 1601 Cherry Street, Suite 1400 |
| 610.230.6107 (t) | Philadelphia, PA  19102.1321 |
| agallinaro@fisherphillips.com | 267.402.3000 (t) |
| | 267.402-3131 (f) |
| *Attorneys for Defendant Dorian Jacobs* | plantis@littler.com |
| | ksaginario@littler.com |
| | |
| | *Attorneys for Defendant Prospect CCMC, LLC d/b/a Crozer Chester Medical Center* |
| Dated:  May 28, 2024 | Dated:  May 28, 2024 |